Contracts; breach; implied warranty of suitability; authority of attorney to file notice of appeal; suitability of designated rock source. — Plaintiff seeks to recover, on behalf of its rock subcontractor, damages in connection with an asserted breach of an implied warranty of suitability of the pit designated by defendant as the source of rock for use in road construction required by a timber sale contract. The subcontractor encountered large amounts of clay in seams and pockets when it began excavation at the designated pit (Drum Hill) and was substantially impaired thereby in its effort to produce the quantity of crushed stone contractually required. The parties agreed to move the rock crushing operations to another pit, with the Forest Service to pay for the cost of the move. Thereafter plaintiff presented a claim to the Service for damages sustained in attempting to produce rock at the Drum Hill pit, including a downtime claim on behalf of its subcontractor. Negotiations between the parties produced an agreement giving plaintiff revised purchaser credits for all items in dispute except downtime. The Service was notified by plaintiffs attorney of the filing of an appeal on behalf of plaintiff from the denial of its downtime damages claim and the cost of moving operations from the abandoned Drum Hill pit. The Service never docketed the appeal. Plaintiff contends that the Drum Hill pit was unsuitable and that the contract modification recognizing the unsuitability and allowing plaintiff increased purchaser credits was an accord and satisfaction as to all claims arising out of the use of the Drum Hill pit, except the reserved downtime claim. Defendant contends that the Drum Hill pit was suitable as a rock source, that the subcontractor’s "deficient drilling and blasting methods” and its failure to exercise due care in performing crushing operations caused or contributed to the subcontractor’s damages; that the contract modification was based on a mutual mistake of fact; that defendant is not bound by that modification; and is entitled to recover those amounts erroneously or illegally paid or credited to plaintiff pursuant to that modification. Defendant also counter *765 claims for expenses incurred in crushing oversized rock material allegedly left at the Drum Hill pit by the subcontractor. Plaintiff also contends that plaintiff s notice of appeal was unauthorized and that the Service’s decision is accordingly final and binding upon plaintiff. Defendant also asserts that the attorney who filed the appeal was not authorized to represent plaintiff in any matter concerned with this contract dispute and that he was not authorized to file an appeal on behalf of plaintiff. On March 27, 1980 Trial Judge Harry E. Wood filed a recommended opinion (reported in full at 27 CCF para. 80,293) finding for plaintiff and dismissing defendant’s counterclaims. The trial judge computed the amount of damages owed plaintiff on the basis of Associated General Contractors (AGC) ownership costs rather than on the basis of standard equipment rental rates as urged by plaintiff. On July 25, 1980 the court, by order, adopted the trial judge’s recommended opinion as the basis for its judgment in this case, entered judgment for plaintiff in the amount of $19,965.00, and dismissed defendant’s counterclaims.